**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

WESTERN DISTRICT OF PENNSYLVANIA

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy         4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**
**For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Young Men's Christian Association of Greater Pittsburgh** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **YMCA of Greater Pittsburgh** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **25-0969497** |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **420 Fort Duquesne Boulevard, Suite 625 Pittsburgh, PA 15222** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Allegheny** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.ymcaofgreaterpittsburgh.org** |

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Young Men's Christian Association of Greater Pittsburgh** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

■ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| Debtor | _____ | | Relationship | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

Debtor   **Young Men's Christian Association of Greater Pittsburgh**                Case number (*if known*) _____
          Name

| 11. | **Why is the case filed in** *this district?* | *Check all that apply:* |
|---|---|---|

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**          *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Young Men's Christian Association of Greater Pittsburgh**          Case number (*if known*) _____
Name

| | **Request for Relief, Declaration, and Signatures** |
| --- | --- |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or
imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature
of authorized
representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     *05/08/2018*
                       MM / DD / YYYY

**X** */s/ Kevin Bolding*                                    **Kevin Bolding**
Signature of authorized representative of debtor          Printed name

Title     **President and Chief Executive Officer**

**18. Signature of attorney**     **X** */s/ Michael A. Shiner*                        Date *05/08/2018*
Signature of attorney for debtor                                      MM / DD / YYYY

**Michael A. Shiner, Esq.**
Printed name

**Tucker Arensberg, P.C.**
Firm name

**1500 One PPG Place**
**Pittsburgh, PA 15222**
Number, Street, City, State & ZIP Code

Contact phone     **412-594-5586**          Email address     **mshiner@tuckerlaw.com**

**PA ID No. 78088**
Bar number and State

## RESOLUTION OF THE BOARD OF DIRECTORS OF THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER PITTSBURGH

**WHEREAS**, the YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER PITTSBURGH ("YMCA") has engaged in an intensive review and analysis of its current financial condition; and

**WHEREAS**, through the specially created Special Financial Issues Committee, the YMCA has undertaken an analysis of its financial and legal options with respect to its current financial condition and the need to develop a plan to stabilize the current financial condition of the YMCA and to ensure its future financial sustainability as well as its ability to fulfill its charitable mission; and

**WHEREAS**, with the assistance of legal counsel, the Special Financial Issues Committee has developed a restructuring plan for the YMCA that includes the filing of a Petition for Bankruptcy under Chapter 11 of the U.S. Bankruptcy Code, and that also includes other action steps that in combination will provide greater financial stability to the YMCA,

**WHEREAS**, the Special Financial Issues Committee, including the Director representatives of that Committee, has unanimously recommended to the Board of Directors and to the Board of Trustees of the YMCA that the YMCA file a Petition for Bankruptcy under Chapter 11 of the Bankruptcy Code, seeking a reorganization of the YMCA, subject to the negotiation of acceptable loan terms with its primary lenders; and

**WHEREAS**, the YMCA has been engaged in discussions with its primary lenders regarding the implications of such a filing and is negotiating loan terms that will become a part of the plan of reorganization, but has not yet completed those negotiations; and

**WHEREAS**, due to the need to provide the flexibility and speed regarding the timing of the filing of a Petition for Bankruptcy, the Directors have adopted the following resolution.

**NOW THEREFORE, BE IT RESOLVED** that the Board of Directors (the "Board" and, individually, the "Director(s)" hereby authorize and approve the filing of a Petition for relief provided for under Chapter 11 of Title 11, the United States Code (the "Chapter 11 Case") and all necessary documentation in connection therewith, in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") and to undertake all necessary acts consistent with the rights and duties of the Board under the Pennsylvania Non-Profit Corporation Law, statutory, regulatory and common law to effectuate the Chapter 11 Case, subject to reaching agreement with the YMCA's primary lenders on the following terms:

### As to the existing term loans:

1.    the interest rate of current term loans shall not increase;

2.    the maturity date of the loans shall not be accelerated; and

3.    no additional collateral shall be required beyond the collateral already pledged.

## As to the current lines of credit maturing on June 30, 2018:

1.     the interest rate of a new loan or loans consolidating and/or extending the current lines of credit could go as high as 300 basis points above the current rate; and

2.     if security is required to be pledged to secure the new term loan, the identification and terms for such security shall be considered by the Special Financial Issues Committee and a recommendation made to the Board of Trustees, and shall be subject to the approval of the Board of Trustees.

**RESOLVED**, that, pursuant to the YMCA's bylaws, the President and CEO, Kevin Bolding, and the CFO, Angela Schuettler, shall act as the authorized officers and signatory to all legal documents and contracts associated with the Chapter 11 Case. The President shall be empowered and directed to execute and file on behalf of the YMCA all petitions, schedules, lists and other motions, papers or documents, including the filing of financial statements, and to take any and all action that they deem necessary, appropriate or desirable to obtain such relief.

## Retention of Professionals

**RESOLVED**, that the YMCA shall retain the services of professionals to assist the YMCA in preparing and filing the Chapter 11 Case and to represent and assist the YMCA in carrying out its duties throughout the Chapter 11 Case.  Therefore, subject to Bankruptcy Court approval, the Board hereby authorizes and directs the YMCA to take any appropriate actions to (i) retain said professionals; (ii) execute appropriate retention agreements; (iii) pay appropriate retainers prior to the filing of the Chapter 11 Case; (iv) immediately upon the filing of the Chapter 11 Case, to file, or cause to be filed, appropriate application(s) with the Bankruptcy Court for authority to retain the services of professionals; and (v) waive any conflicts of interest for counsel.

The professionals consist of the following named firms and persons, believed to be properly qualified to act as professionals in the Chapter 11 Case: (i) Tucker Arensberg, P.C. as legal counsel, (ii) Schneider Downs Meridian, LP as financial advisor, and (iii) any additional professionals as determined to be necessary and appropriate for the Chapter 11 Case.

The above-referenced professionals are to be compensated for their services and expenses on the basis of their usual and customary fees and expenses, including retainers, subject to the approval of the Bankruptcy Court.

**RESOLVED**, that the YMCA is hereby authorized as it may deem appropriate and proper, to file or cause to be filed, applications for authority to retain the services of other professionals for specified purposes, including litigation, and to compensate them at the rate of their usual fees and expenses, including retainers, subject to the Bankruptcy Court's approval.

**RESOLVED**, that the YMCA is authorized to retain such consultants as are necessary to assist in the management of the business.

**RESOLVED**, that the YMCA is authorized, empowered and directed to employ any other professionals to assist the YMCA in carrying out its duties under the Bankruptcy Code, with power of delegation, is hereby authorized, empowered and directed to executed any appropriate retention agreements, pay appropriate retainers and fees and cause to be filed an appropriate application for authority to retain the services of any other professionals as may be deemed necessary or appropriate.

**RESOLVED**, that the YMCA is authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and any other documents to retain all assistance by legal counsel, accountants, financial advisors and other professionals to take and perform any and all further acts and deeds that each of the Board deems necessary, proper or desirable in connection with the Chapter 11 Case.

### Payment of Wages and Utilities

**RESOLVED**, that the YMCA is authorized to pay all wages, benefits, and salary obligations of employees due and owing for services rendered prior to the filing of the petition for the Chapter 11 Case upon the approval of the Bankruptcy Court. The YMCA and the Board are authorized, empowered and directed to execute and file the appropriate application(s) with the Bankruptcy Court for authority to pay such wages and salary obligations.

**RESOLVED**, that the YMCA may make adequate assurance payments to utility providers as required by Section 366 of the Bankruptcy Code, subject to Bankruptcy Court approval. In connection therewith, the YMCA and the Board are hereby authorized and directed to take appropriate actions to retain said professionals and to execute and file, or cause to be filed, the appropriate application(s) with the Bankruptcy Court for authority to pay such wages and salary obligations.

### General

**RESOLVED**, that, in addition to the specific authorizations conferred upon the YMCA and the President in these Resolutions, the Board delegates to the President and CFO, and the President and CFO are further authorized, empowered and directed to take or cause to be taken, any and all such further action that shall be deemed necessary to fully carry out the intent and purposes of these resolutions, in the name of and on behalf of the YMCA; and

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by these Resolutions, as may be required by the organizational documents of the YMCA.

ADOPTED THIS 8th DAY OF MAY, 2018.

Kevin Bolding
President and CEO

## RESOLUTION OF THE BOARD OF TRUSTEES OF THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER PITTSBURGH

**WHEREAS**, the YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER PITTSBURGH ("YMCA") has engaged in an intensive review and analysis of its current financial condition; and

**WHEREAS**, through the specially created Special Financial Issues Committee, the YMCA has undertaken an analysis of its financial and legal options with respect to its current financial condition and the need to develop a plan to stabilize the current financial condition of the YMCA and to ensure its future financial sustainability as well as its ability to fulfill its charitable mission; and

**WHEREAS**, with the assistance of legal counsel, the Special Financial Issues Committee has developed a restructuring plan for the YMCA that includes the filing of a Petition for Bankruptcy under Chapter 11 of the U.S. Bankruptcy Code, and that also includes other action steps that in combination will provide greater financial stability to the YMCA,

**WHEREAS**, the Special Financial Issues Committee, including the Trustee representatives of that Committee, has unanimously recommended to the Trustees and to the Board of Directors of the YMCA that the YMCA file a Petition for Bankruptcy under Chapter 11 of the Bankruptcy Code, seeking a reorganization of the YMCA, subject to the negotiation of acceptable loan terms with its primary lenders; and

**WHEREAS**, the YMCA has been engaged in discussions with its primary lenders regarding the implications of such a filing and is negotiating loan terms that will become a part of the plan of reorganization, but has not yet completed those negotiations; and

**WHEREAS**, due to the need to provide the flexibility and speed regarding the timing of the filing of a Petition for Bankruptcy, the Trustees have adopted the following resolution.

**NOW THEREFORE, BE IT RESOLVED** that the Trustees hereby authorize and approve the filing of a Petition for relief provided for under Chapter 11 of Title 11, the United States Code (the "Chapter 11 Case") and all necessary documentation in connection therewith, in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") and to undertake all necessary acts consistent with the rights and duties of the Board under the Pennsylvania Non-Profit Corporation Law, statutory, regulatory and common law to effectuate the Chapter 11 Case, subject to reaching agreement with the YMCA's primary lenders on the following terms:

### As to the existing term loans:

1.  the interest rate of current term loans shall not increase;

2.  the maturity date of the loans shall not be accelerated; and

3.  no additional collateral shall be required beyond the collateral already pledged.

### As to the current lines of credit maturing on June 30, 2018:

1.  the interest rate of a new loan or loans consolidating and/or extending the current lines of credit could go as high as 300 basis points above the current rate; and

2.  if security is required to be pledged to secure the new term loan, the identification and terms for such security shall be considered by the Special Financial Issues Committee and a recommendation made to the Board of Trustees, and shall be subject to the approval of the Board of Trustees.

**RESOLVED**, that, pursuant to the YMCA's bylaws, the President and CEO, Kevin Bolding, and the CFO, Angela Schuettler, shall act as the authorized officers and signatory to all legal documents and contracts associated with the Chapter 11 Case. The President shall be empowered and directed to execute and file on behalf of the YMCA all petitions, schedules, lists and other motions, papers or documents, including the filing of financial statements, and to take any and all action that they deem necessary, appropriate or desirable to obtain such relief.

### Retention of Professionals

**RESOLVED**, that the YMCA shall retain the services of professionals to assist the YMCA in preparing and filing the Chapter 11 Case and to represent and assist the YMCA in carrying out its duties throughout the Chapter 11 Case. Therefore, subject to Bankruptcy Court approval, the Board hereby authorizes and directs the YMCA to take any appropriate actions to (i) retain said professionals; (ii) execute appropriate retention agreements; (iii) pay appropriate retainers prior to the filing of the Chapter 11 Case; (iv) immediately upon the filing of the Chapter 11 Case, to file, or cause to be filed, appropriate application(s) with the Bankruptcy Court for authority to retain the services of professionals; and (v) waive any conflicts of interest for counsel.

The professionals consist of the following named firms and persons, believed to be properly qualified to act as professionals in the Chapter 11 Case: (i) Tucker Arensberg, P.C. as legal counsel, (ii) Schneider Downs Meridian, LP as financial advisor, and (iii) any additional professionals as determined to be necessary and appropriate for the Chapter 11 Case.

The above-referenced professionals are to be compensated for their services and expenses on the basis of their usual and customary fees and expenses, including retainers, subject to the approval of the Bankruptcy Court.

**RESOLVED**, that the YMCA is hereby authorized as it may deem appropriate and proper, to file or cause to be filed, applications for authority to retain the services of other professionals for specified purposes, including litigation, and to compensate them at the rate of their usual fees and expenses, including retainers, subject to the Bankruptcy Court's approval.

**RESOLVED**, that the YMCA is authorized to retain such consultants as are necessary to assist in the management of the business.

**RESOLVED**, that the YMCA is authorized, empowered and directed to employ any other professionals to assist the YMCA in carrying out its duties under the Bankruptcy Code, with power of delegation, is hereby authorized, empowered and directed to executed any appropriate retention agreements, pay appropriate retainers and fees and cause to be filed an appropriate application for authority to retain the services of any other professionals as may be deemed necessary or appropriate.

**RESOLVED**, that the YMCA is authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and any other documents to retain all assistance by legal counsel, accountants, financial advisors and other professionals to take and perform any and all further acts and deeds that each of the Board deems necessary, proper or desirable in connection with the Chapter 11 Case.

### Payment of Wages and Utilities

**RESOLVED**, that the YMCA is authorized to pay all wages, benefits, and salary obligations of employees due and owing for services rendered prior to the filing of the petition for the Chapter 11 Case upon the approval of the Bankruptcy Court. The YMCA and the Board are authorized, empowered and directed to execute and file the appropriate application(s) with the Bankruptcy Court for authority to pay such wages and salary obligations.

**RESOLVED**, that the YMCA may make adequate assurance payments to utility providers as required by Section 366 of the Bankruptcy Code, subject to Bankruptcy Court approval. In connection therewith, the YMCA and the Board are hereby authorized and directed to take appropriate actions to retain said professionals and to execute and file, or cause to be filed, the appropriate application(s) with the Bankruptcy Court for authority to pay such wages and salary obligations.

### General

**RESOLVED**, that, in addition to the specific authorizations conferred upon the YMCA and the President in these Resolutions, the Board delegates to the President CFO and the President and CFO are further authorized, empowered and directed to take or cause to be taken any and all such further action that shall be deemed necessary to fully carry out the intent and purposes of these resolutions, in the name of and on behalf of the YMCA; and

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by these Resolutions, as may be required by the organizational documents of the YMCA.

ADOPTED THIS 7th DAY OF MAY, 2018.

Kevin Bolding
President/CEO

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Young Men's Christian Association of Greater Pittsburgh** |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF PENNSYLVANIA** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                                                                                    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **ABC Transit, Inc 4242 William Flynn Highway Allison Park, PA 15101** | **412-782-4110** | **Trade** | | | | **$8,632.00** |
| **Adventure Network The PO Box 309 Chalfont, PA 18914** | | **Trade** | | | | **$7,098.22** |
| **Al's Construction Albert A. Raspotnik 2792 Trafford Road Murrysville, PA 15668** | | **Trade** | | | | **$12,620.00** |
| **Allsopp's Lawn Service 5401 Florida Avenue Bethel Park, PA 15102** | | **Trade** | | | | **$10,000.00** |
| **B & R Pools & Swim Shop 1105 Washington Boulevard Pittsburgh, PA 15206** | | **Trade** | | | | **$8,928.31** |
| **Blackbaud P.O. Box 930256 Atlanta, GA 31193-0256** | **accounts.receivable@blackbaud.com 1-800-468-8996** | **Trade** | | | | **$30,733.96** |
| **Castle Maintence Products 730 S. Mill Street P.O. Box 566 New Castle, PA 16103-0566** | | **Trade** | | | | **$23,459.88** |
| **Ceridian P.O. Box 772830 Chicago, IL 60677** | | **Payroll Services** | | | | **$9,820.51** |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor | **Young Men's Christian Association of Greater Pittsburgh** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Climatech Inc 200 Bilmar Drive Pittsburgh, PA 15205** | | **Trade** | | | | **$39,709.55** |
| **Kat Electronic P.O. Box 3055 McKeesport, PA 15134** | | **Trade** | | | | **$12,427.50** |
| **McManus Merchants 410 Unity Street Suite 260 Latrobe, PA 15650** | | **Trade** | | | | **$20,044.86** |
| **MSP Commercial Subtenant, L.P. Southpointe Plaza I, Suite 400 400 Southpointe Blvd. Canonsburg, PA 15317** | | **Lease** | **Disputed** | | | **$264,271.62** |
| **Niggel Lawn Care LLC 2130 Reis Run Road Pittsburgh, PA 15237** | | **Trade** | | | | **$17,537.00** |
| **RDMS Landscaping, LLC 2366 Golden Mile Box 132 Pittsburgh, PA 15239-2710** | | **Trade** | | | | **$10,920.00** |
| **Ricupero, Inc. 331 Jones Street Verona, PA 15147** | **412-828-9030** | **Trade** | | | | **$8,571.00** |
| **Simpson Mc Crady Insurance 310-330 Grant Street Suite 1320 Pittsburgh, PA 15219** | | **Insurance** | | | | **$8,250.00** |
| **Specialty Pool Contractors Inc P.O. Box 15275 3169 Babcock Blvd. Pittsburgh, PA 15237** | | **Pool Construction** | | | | **$111,962.75** |
| **Tudi Mechanical Systems 343 Munon Avenue McKees Rocks, PA 15136** | | **Trade** | | | | **$7,461.00** |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

Debtor   **Young Men's Christian Association of Greater Pittsburgh**          Case number *(if known)*
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Unifirst Corporation 1150 Second Avenue New Kensington, PA 15068** | | **Trade** | | | | **$23,518.31** |
| **W.B. Mason Co., Inc P.O. Box 981101 Boston, MA 02298-1101** | | **Trade** | | | | **$8,086.02** |

**Fill in this information to identify the case:**

Debtor name    **Young Men's Christian Association of Greater Pittsburgh**

United States Bankruptcy Court for the:    WESTERN DISTRICT OF PENNSYLVANIA

Case number (if known)    _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

███    **Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
■    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐    Other document that requires a declaration    _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **05/08/2018**           X   */s/ Angela Schuettler*
                                                    Signature of individual signing on behalf of debtor

                                                    **Angela Schuettler**
                                                    Printed name

                                                    **Chief Financial Officer**
                                                    Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy